FAIN-MCGAHA OIL CORPORATION v. B. W. OWENS.

No. 7222. Decided December 7, 1938.
(121 S. W., 2d Series, 982.)

*M. E. McCullough* and *Bullington, Humphrey & King,* all of Wichita Falls, for plaintiff in error.

*Myron A. Smith, Hampden Spiller* and *Richard Owens,* all of Fort Worth, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

As of date March 8, 1935, defendant in error B. W. Owens executed and delivered to plaintiff in error Fain-McGaha Oil Corporation an oil, gas and mineral lease upon 213.3 acres of land in Archer County, Texas. This lease was in the ordinary Texas Producers form, with provisions for payment of usual royalties, but contained the following special stipulation: "As an additional consideration lessee agrees to begin drilling operations at some point on the above described land within sixty days and to prosecute such drilling operations with due diligence until a depth of 1800 ft. has been reached, or oil or gas in paying quantities·at a lesser depth."

. Plaintiff in error did not drill the well specified, or begin operations, and defendant in error filed this suit in the District Court of Archer County for damages. The parties will be designated as in the trial court.

Plaintiff specially pleaded as his damages for breach of the contract the cost of drilling an oil and gas well, such as was contemplated by the agreement; alleged to be the sum of $5,400.00. A special exception was sustained to this part of the pleading, and thereafter a general demurrer was sustained to the petition as a whole. Plaintiff declined to amend, and the cause was dismissed. On appeal by plaintiff, the judgment of

the trial court was reversed by the Court of Civil Appeals, and the cause remanded. 98 S. W. (2d) 1014.

We have presented here again the question of whether or not the cost of drilling a well is the correct measure of damages for breach of covenant to drill a well by the lessee in a lessor-lessee lease contract. The precise question was presented in the case of Guardian Trust Company v. Brothers, 59 S. W. (2d) 343, wherein it was held that the cost of drilling well was not the correct measure of damages. Writ of error was refused in that case, notwithstanding a dissenting opinion which ably marshaled all of the decisions and arguments to the contrary. While the covenant to drill in the Brothers case was not expressly stated as a part of the consideration, yet it was alleged and proven that such covenant was a moving consideration for the lease. That case and the present one are therefore identical upon the facts. In refusing writ of error in that case it was the purpose of the Supreme Court to set the question at rest, in accordance with the previously indicated conclusion expressed by approval of the opinion of the Commission of Appeals in the case of Gwynn v. Wisdom, 14 S. W. (2d) 265; which case was later withdrawn and decided upon another theory.

It is not to be inferred that plaintiff was without remedy, but as he expressly limited his suit to the measure of damages stated, and declined to amend after the special exception and the general demurrer were sustained, it is necessary to reverse the judgment of the Court of Civil Appeals, and affirm the judgment of the district court; which is accordingly done.

Opinion adopted by the Supreme Court, December 7, 1938.